IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON L. ENGSTRON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:09-CR-792 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Defendant was indicted, on February 25, 2005, on four counts: (1) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2); (2) possession of a stolen firearm in violation of 18 U.S.C. § 922(j) and 18 U.S.C. § 924(a)(2); (3)

---

[1]Docket No. 6.

1

possession of a firearm with an obliterated or altered serial number in violation of 18 U.S.C. § 922(k) and 18 U.S.C. § 924(a)(1)(B); and (4) person in possession of a firearm who is an unlawful user of or addicted to any controlled substance. Defendant plead guilty to count one of the indictment, namely felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Defendant was sentenced on October 6, 2005, to a period of 57 months in the custody of the Bureau of Prisons, to be followed by a 36-month term of supervised release. Defendant now moves to terminate that supervision. The government has indicated that it does not object to the Motion.

In his Motion, Defendant states that he has maintained continuous employment and has not had any violations of his supervised release. Defendant further explains that he has had difficulty in his employment because of his supervision status, as his job at times requires him to leave the state and he has to cut the business trips short with great expense to himself and his employer. Defendant also indicates that he would like to go back to school but would need financial aid which he is ineligible for while on supervised release. The Court also notes that Defendant indicates that he has gained trust back from his relatives and friends and, "most importantly," became a father of twin boys.[2] Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the

---

[2]*Id*.

2

entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 6) is GRANTED. It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

DATED October 19, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge